E-FILED
Tuesday, 17 March, 2026  03:47:53 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DEVON MOORE,
    Plaintiff,

v.

ANDREW KROMINGA, *et al.*,
    Defendants.

Case No. 1:25-cv-01495-JEH

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 10). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

## II

Plaintiff files suit against Warden Mindi Nurse, Sergeants Andrew Krominga and Pelleter, Lieutenant John/Jane Doe, and Nurse Baumgardner. Plaintiff no longer names Tyler Ledbetter as a Defendant. Therefore, Defendant Ledbetter is DISMISSED WITHOUT PREJUDICE.

Plaintiff alleges Defendant Sergeant Krominga sprayed him with mace six or seven times during a cell extraction on January 23, 2025, and did not allow him to shower to remove the mace.

After the cell extraction, Defendant Nurse Baumgardner flushed Plaintiff's eyes, but she did not permit Plaintiff to shower to remove the mace from the rest of his body.

While on crisis watch, Plaintiff asked Officer West if he could shower to remove the mace. Officer West asked Defendant Lieutenant John/Jane Doe if Plaintiff could shower, but Plaintiff's request was denied because of a lockdown.

On January 24, 2025, Plaintiff asked Officers Anderson, White, and Warren if he could shower, but Defendant Lieutenant John/Jane Doe denied his request due to the lockdown.

On January 25, 2025, Plaintiff asked Defendant Sergeant Pelleter if he could shower to remove the mace. Plaintiff alleges Defendant Pelleter knew he had been maced because he was a member of the Emergency Response Team ("ERT") that performed the cell extraction on January 23, 2025. Plaintiff claims Defendant Pelleter informed him that the cellhouse lieutenant denied his request to shower. Plaintiff claims Defendant Pelleter could have cuffed and shackled him and escorted him to the shower, which was only twenty steps from his cell.

Between January 23-27, 2025, Tisha Hanty, a mental health provider, notified the John/Jane Doe Lieutenants that Plaintiff needed to shower to wash off

2

the mace. Despite her requests, Plaintiff was not permitted to shower until January 27, 2025.

Plaintiff names Warden Mindi Nurse as a Defendant to identify the unnamed John/Jane Doe Lieutenants.

### III

To proceed on an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment excessive force claim against Defendant Krominga, who allegedly sprayed Plaintiff with mace six or seven times during a cell extraction on January 23, 2025.

Plaintiff alleges that after Krominga sprayed him with mace, Nurse Baumgardner, Sergeant Pelleter, Krominga, and the John/Jane Doe Lieutenants denied him a shower to wash the mace off his body for approximately four days. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy

the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Defendants Baumgardner, Pelleter, Krominga, and the John/Jane Doe Lieutenants for allegedly denying him a shower.

Defendants John/Jane Doe Lieutenants cannot be served. As such, Warden Mindi Nurse will remain a Defendant, in her official capacity only, to facilitate the identification of the Doe Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Nurse aimed solely at identifying the John/Jane Doe Lieutenants who allegedly denied him a shower between January 23-27, 2025. After the Doe Defendants have been identified, Warden Nurse may move to be dismissed. Ultimately, it is Plaintiff's responsibility to identify the John/Jane Doe Lieutenants and to file a motion to substitute the real names of the Doe Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff attached letters from three law firms that declined to represent him. (Doc. 5 at pp. 11-13). He also attached multiple "Authorization for Payment" forms to demonstrate that he contacted other law firms to seek representation. *Id*. at pp. 5-10. The Court finds Plaintiff made a reasonable attempt to secure counsel on his own.

Plaintiff states he is not a high school graduate, but he completed some high school courses. Plaintiff states he is designated as seriously mentally ill ("SMI") and received assistance to complete documents in this case. Thus far, Plaintiff's pleadings have been coherent and supported by accompanying exhibits. (Docs. 5, 10). Plaintiff's claim is not complex and involves issues of which Plaintiff has

5

direct, personal knowledge. Plaintiff's mental health conditions do not justify the recruitment of counsel at this stage. *See Medrano v. Boland*, 841 F. App'x 1008, 1010 (7th Cir. 2021) ("there is no entitlement to recruited counsel for prisoners with a history of mental impairments"); *Perry v. Sims*, 900 F.3d 505, 513 (7th Cir. 2021) (mental illness "is a pertinent and important factor" but does not create a "categorical" entitlement to counsel); *Olson*, 750 F.3d at 712 (noting that prisoner's "capable pleadings suggested that he was competent despite his mental-health problems"). The Court finds Plaintiff appears competent to litigate the case himself, especially at this early stage in the litigation process. Plaintiff's Motion to Request Counsel is DENIED.

**IT IS THEREFORE ORDERED:**

1)    According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on (1) an Eighth Amendment excessive force claim against Defendant Krominga, and (2) an Eighth Amendment deliberate indifference claim against Defendants Krominga, Baumgardner, Pelleter, and the John/Jane Doe Lieutenants. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    Mindi Nurse will remain a Defendant in her official capacity to assist Plaintiff with identifying the John/Jane Doe Lieutenants.

3)    Defendant Tyler Ledbetter is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendant Ledbetter.

4)    Plaintiff's Motion to Request Counsel [5] is DENIED.

5)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed

6

before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6)　The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7)　Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8)　If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)      This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10)     Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

11)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)     Plaintiff shall be provided a copy of all pertinent medical records upon request.

13)     Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 17, 2026

<u>s/Jonathan E. Hawley</u>
U.S. District Judge

9